IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FURGESS ) | |
|    *Plaintiff,* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| THE PENNSYLVANIA DEPARTMENT ) | |
| OF CORRECTIONS ) | |
|    *Defendant.* ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Robert Furgess, by his attorneys, the Mizner law Firm, brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 against the Pennsylvania Department of Corrections for discriminating against him on the basis of his disability and states:

## JURISDICTION AND VENUE

1. Plaintiff Robert Furgess brings this action pursuant to 28 U.S.C. 2201, 2202, the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. 794(a).

2. This Court has jurisdiction over these claims pursuant to 28 U.S.C. 1331 and 1343.

3. Venue is appropriate in this District pursuant to 28 U.S.C. 1391(b) because Defendant's principal office is located in Mechanicsburg, Pennsylvania, within the Middle District.

**PARTIES**

4. Plaintiff Robert Furgess is an adult currently incarcerated at the State Correctional Institute in Greene ("SCI Greene"), 175 Progress Drive, Waynesburg, PA 15370.

5. Defendant Pennsylvania Department of Corrections ("DOC") is an agency of the Commonwealth of Pennsylvania that operates SCI Greene. The principal office of the DOC is located at 1929 Technology Parkway, Mechanicsburg PA, 17050.

6. Defendant DOC is a recipient of federal funding.

**FACTS**

7. Mr. Furgess was diagnosed with Myasthenia Gravis ("MG"), a neuromuscular disease, in 2012.

8. As a result of his struggle with MG, Mr. Furgess has impaired use of muscular systems in his body. This inhibits his vision, walking, speaking, and lifting.

9. Mr. Furgess was transferred to SCI Albion in 2014.

10. Although Defendant was well aware of his disability, Mr. Furgess was moved to a general population block which was not handicap accessible.

11. Mr. Furgess requested disability accommodations, specifically for a handicap shower stall, and to be placed closer to the medical and dining halls. This request was granted by SCI Albion, in recognition of Mr. Furgess' disability and immediate and pressing need for reasonable accommodations.

12. As a result of his struggle with MG, Mr. Furgess was also fitted for leg braces as auxiliary aids, to prevent him from tripping and falling when he walked.

13. On December 10, 2015, Mr. Furgess was moved to the Restrictive Housing Unit (RHU) of SCI Albion.

14. Mr. Furgess was denied a shower for more than three months while in the RHU; from December 10, 2015, through March 15, 2016.

15. Mr. Furgess was never placed on a shower restriction while in the RHU, rather, there were no shower facilities in the RHU which were handicapped accessible. For that reason, he was not given an opportunity to shower for three months.

16. Although Mr. Furgess requested that he be allowed to shower, and required a handicapped facility to do so, the RHU staff informed him there was no record of his need for a handicapped facility.

17. Although Mr. Furgess did not receive a shower for more than three months, the staff at SCI Albion recorded that Mr. Furgess was regularly accepting and taking showers.

18. In February 2016, Mr. Furgess continued to request a shower. The medical staff attempted to intervene by alerting the RHU Lieutenants of Mr. Furgess' disability, but still he was denied a shower.

19. In early March 2016, Superintendent Giroux came to Mr. Furgess' cell door, along with RHU Lieutenant Barner, to discuss the fact that Mr. Furgess had now been in the RHU for three months without a shower.

20. Superintendent Giroux questioned Lt. Barner as to why Mr. Furgess had not received a shower, and Lt. Barner responded that it was because the RHU was without handicapped shower facilities.

21. Lt. Barner told Superintendent Giroux that the staff had decided to escort Mr. Furgess to the shower facilities in the infirmary, which had handicap accommodations. However, this never occurred.

22. On March 7th, Mr. Furgess was forced to file Grievance 617147, requesting to have access to a handicap-accessible shower facility and requesting his leg braces. This grievance was rejected on March 15, 2016 by the grievance coordinator, for failure to file separate grievances against the accused staff in their official capacity.

23. Despite his grievance being eventually being rejected, Mr. Furgess was immediately moved to a handicapped cell on March 11, 2016. However, he was still not given his leg braces nor provided the opportunity to shower.

24. On March 16, 2016, the RHU was inspected by CCPM Kusiack. Ms. Kusiack spoke with Mr. Furgess at or around 9:35 a.m., and informed him that safety bars were being installed in the RHU showers that day.

25. On March 16, 2016, at or around 1:20 p.m., two staffers approached Mr. Furgess and took him to shower for the first time in more than three months.

26. Mr. Furgess was brought to a shower which had no handicapped accommodations. Instead, he was given a flimsy, armless plastic chair to sit on.

27. Although he was not placed in a handicap-accessible shower, Mr. Furgess was not permitted to wear his leg braces, which were deemed a security risk.

28. While sitting in the shower and washing for the first time in more than three months, the warm water exacerbated the symptoms of Mr. Furgess' MG.

29. Mr. Furgess attempted to exit the shower, but there were no rails or safety bars for him to hold onto as he attempted to stand.

30. Consequently, Mr. Furgess fell headfirst into the steel shower door, knocking himself unconscious.

31. Mr. Furgess was thereafter taken to UPMC Hamot, in Erie Pennsylvania, and treated for a large laceration across his forehead, concussion symptoms, and excruciating pain in his neck, shoulder, and back.

32. As a result of his fall, Mr. Fugress has been confined to a wheelchair.

33. Since that time, Mr. Furgess has endured constant headaches, for which he has only been given Tylenol on a monthly basis.

34. Mr. Furgess has also dealt with back spasms which occur weekly.

35. Mr. Furgess' balance has worsened since his fall, which compounds the difficulties he has with MG.

36. On March 25, 2016, Mr Furgess filed Grievance 619357 alleging for the past three months he had been denied adequate disability accommodations. Mr. Furgess also complained of his medical care while in RHU, specifically that he had developed painful rashes on his head, neck, and genital area while being denied showers. This grievance was denied on April 18, 2016.

37. Mr. Furgess has exhausted the grievance process, and has no more administrative remedies available to him.

## COUNT I

### Exclusion from services of a Federally funded entity in violation of the Rehabilitation Act

38.     The foregoing averments of this Complaint are incorporated herein as though set forth in full.

39.     Defendant DOC receives federal funding from the United States Department of Housing and Urban Development.

40.     Upon information and belief, SCI Albion, in which Mr. Furgess was incarcerated, was and is funded in part by this federal funding.

41.     From no later than his incarceration at SCI Albion in 2014, Mr. Furgess suffered from Myasthenia Gravis and used leg braces, which caused him to meet the definition of an "individual with a disability" under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.

42.     Defendant DOC unlawfully and in direct violation of the Rehabilitation Act failed and refused to grant reasonable accommodations to Mr. Furgess, which effectively denied Mr. Furgess an equal opportunity to shower.

43.     Defendant DOC unlawful actions had the effect of limiting Mr. Furgess because of his physical disabilities.

44.     By refusing Mr. Furgess' requests for reasonable accommodations, Defendant DOC failed to provide Mr. Furgess' housing and hygienic care which were as effective as those given to others. By refusing Mr. Furgess access to the leg braces which were prescribed to him, and by denying Mr. Furgess access to a shower with safety bars, Defendant DOC left Mr. Furgess vulnerable to precisely the type of injury which occurred.

45. Defendant DOC could have easily accommodated Mr. Furgess by either installing safety bars in the RHU showers, or transferring him to other housing with appropriate facilities.

46. Such accommodations would not have caused DOC to experience undue financial or administrative burdens.

47. Defendant DOC's policies and procedures had the effect of excluding and/or limiting Mr. Furgess because of his physical disabilities.

48. As a foreseeable and predictable result of Defendant DOC's failure to make reasonable accommodations to Mr. Furgess, he was denied a shower for three months.

49. As a foreseeable and predictable result of Defendant DOC's failure to make reasonable accommodations to Mr. Furgess, he fell in the shower when out of desperation he accepted a shower in an area that was not handicapped accessible.

50. This fall directly caused Mr. Furgess pain, suffering, and confined him to a wheelchair.

WHEREFORE, Plaintiff Robert Furgess respectfully requests that this Honorable Court enter judgment in his favor and against Defendant DOC for an amount in excess of $75,000.00 as well as for such other and further relief as permitted by law.

## COUNT II

### Discrimination and Exclusion from services of a public entity in violation of the ADA

51. The foregoing averments of this Complaint are incorporated herein as though set forth in full.

52. Defendant DOC is a "public entity" as defined by Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("Title II").

53. For the entire period of his incarceration, Mr. Furgess met the definition of a "qualified individual with a disability" under Title II.

54. By unlawfully refusing to reasonably modify Mr. Furgess' living conditions, Defendant DOC denied Mr. Furgess the basic necessities of life, including the ability to shower, by reason of Mr. Furgess' disability.

55. By unlawfully refusing to reasonably modify Mr. Furgess' living conditions, Defendant DOC discriminated against Mr. Furgess as a disabled individual.

56. As a foreseeable and predictable result of Defendant DOC's discrimination to Mr. Furgess, he was denied a shower for over three months.

57. As a foreseeable and predictable result of Defendant DOC's discrimination to Mr. Furgess, he fell and was injured in the shower, which did not have accommodations such as safety rails.

WHEREFORE, Plaintiff Robert Furgess respectfully requests that this Honorable Court enter judgment in his favor and against Defendant DOC for an amount in excess of $75,000.00 as well as for such other and further relief as permitted by law.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner

John F. Mizner

PA Bar No. 53323
jfm@miznerfirm.com

Joseph P. Caulfield
PA Bar. No. 322823
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
814.454.3889

*Attorneys for the Plaintiff*