# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT FURGESS,<br><br>            Plaintiff,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS,<br><br>            Defendants. | CIVIL ACTION NO. 1:17-CV-0021<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

On January 4, 2017, the Court received a complaint filed by counsel for the Plaintiff, Robert Furgess, alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("RA") by the Defendant. (Doc. 1). The Plaintiff is currently incarcerated at the State Correctional Institution in Greene ("SCI Greene"), which is located in Waynesburg, Pennsylvania. Waynesburg is part of Greene County, which is situated within the jurisdiction of the Western District of Pennsylvania. The Defendant, Pennsylvania Department of Corrections ("DOC"), has its principal office in Mechanicsburg, Pennsylvania, which is located within the Middle District of Pennsylvania. However, the events described in the complaint appear to have occurred largely at the State Correctional Institute in Albion, Pennsylvania ("SCI Albion") and UPMC Hamot Hospital, in Erie, Pennsylvania. Both locations are within the Western District of Pennsylvania. Indeed, none of the events described in the complaint appear to have any connection to this federal judicial district, the Middle District of Pennsylvania.

Based upon the Court's review of the facts alleged in the complaint, while venue may proper in this federal judicial district, it is clear that "a substantial part of the events or omissions giving rise to the [Plaintiff's] claim[s] occurred" within the Western District of Pennsylvania. *See* 28 U.S.C. § 1391(b)(2). Moreover, the Plaintiff does not object to transferring the case from this district, and expressly consents to the Defendant's proposed change of venue. (Doc. 9, at 7). Therefore, it will be in the interest of justice to transfer this complaint to the United States District Court for the Western District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

Based on the foregoing, it is recommended that this case be transferred to the United States District Court for the Western District of Pennsylvania for further proceedings.

**BY THE COURT:**

**Dated: November 16, 2017**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT FURGESS,

        Plaintiff,

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS,

        Defendants.

CIVIL ACTION NO. 1:17-CV-0021

(RAMBO, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 16, 2017.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 16, 2017**           *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States Magistrate Judge**