**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT FURGESS,** ) | | Civil Action No. 17-326 Erie |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Magistrate Judge Baxter |
| ) | | |
| **THE PENNSYLVANIA DEPARTMENT** ) | | |
| **OF CORRECTIONS,** ) | | |
| Defendant. ) | | |

### MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter

### I.  INTRODUCTION

#### A.  Relevant Procedural History

On January 4, 2017, Plaintiff Robert Furgess, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI Albion"),[2] initiated this action by filing a complaint pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. §794(a), in the United States District Court for the Middle District of Pennsylvania. Named as Defendant is the Pennsylvania Department of Corrections. Plaintiff claims that Defendant violated his rights under the ADA and the Rehab Act by denying him access to handicap accessible shower facilities and, thus, refusing to grant him reasonable accommodations for his disability.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 17, 19].

[2] At the time Plaintiff initiated this action, he was incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania. (ECF No. 1, Complaint, at ¶ 4).

On March 10 2017, Defendant filed a motion to dismiss or, in the alternative, to transfer venue. [ECF No. 5]. Plaintiff filed a brief in opposition to Defendant's motion [ECF No. 9], and Defendant filed a reply brief on April 12, 2017 [ECF No. 10]. On December 12, 2017, District Judge Sylvia H. Rambo entered an Order adopting Magistrate Judge Karoline Mehalchick's Report and Recommendation [ECF No. 11] to grant Defendant's alternative motion to transfer venue and to transfer this case to the Western District of Pennsylvania. [ECF No. 12]. In so doing, however, Judge Rambo did not address the merits of Defendant's motion to dismiss, which, thus, remain pending before this Court. Since the matter has been fully briefed, it is now ripe for consideration.

### B. Relevant Factual History

Plaintiff alleges that he is afflicted with Myasthenia Gravis ("MG"), a neuromuscular disease that inhibits his vision, walking, speaking, and lifting. (ECF No. 1, Complaint, at ¶¶ 7-8). Upon his transfer to SCI-Albion in 2014, Plaintiff was provided access to a handicap accessible shower stall, and was fitted for leg braces as auxiliary aids to prevent him from tripping and falling when he walked (Id. at ¶¶ 9, 11-12); however, on December 10, 2015, he was moved to the Restricted Housing Unit ("RHU"), where he was refused access to his leg braces and was unable to shower for three months because there were no handicap shower facilities available in the RHU. (Id. at ¶¶ 13-15, 22-23). On March 16, 2016, after Plaintiff repeatedly requested access to a handicap accessible shower, he was brought to a shower that had an armless plastic chair for him to sit on, but otherwise lacked handicap accommodations. (Id. at ¶¶ 25-26). When he attempted to exit the shower without the assistance of rails or safety bars, Plaintiff fell headfirst into the shower door and was knocked unconscious. (Id. at ¶¶ 29-30). Plaintiff was taken to

UPMC Hamot Hospital in Erie, Pennsylvania, where he was treated for a large laceration across his forehead, concussion symptoms, and pain in his neck, shoulder, and back. (Id. at ¶ 31).

### C. Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) must be viewed in the light most favorable to the plaintiff and the complaint's well-pleaded allegations must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Emps'. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 146 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–36 (3d ed. 2004). Although the United States Supreme Court ("Supreme Court") does "not require heightened pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, No. 07-528, 2008 WL 482469, at *1 (D. Del. Feb. 19, 2008), quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3).

The Third Circuit has expounded on the Twombly/Iqbal line of cases. To determine the sufficiency of a complaint under Twombly and Iqbal, the court must follow three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tracinda Corp. v. DaimlerChrysler AG, 197 F. Supp. 2d 42, 53 (D. Del. 2002), citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that a complaint is properly dismissed under Rule 12(b)(6) when it does not allege "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, or when the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end. Rather, the question

"is whether the plaintiff is entitled to offer evidence in support of his or her claims." Swope v. City of Pittsburgh, 90 F. Supp. 3d 400, 405 (W.D. Pa. 2014), citing Oatway v. Am. Int'l Grp., Inc., 325 F.3d 184, 187 (3d Cir. 2003).

### D. Discussion

Plaintiff claims that Defendants have refused to provide him reasonable accommodations for his disabilities and have discriminated against him in violation of both the Rehab Act and the ADA. The substantive standards for determining liability under the ADA and the Rehab Act are identical and are subject to the same analysis by the courts. McDonald v Pennsylvania, 62 F.3d 92, 95 (3d Cir. 1995); Sherer v. Pennsylvania Dept. of Corr., 2007 WL 4111412, at *8 (W.D.Pa. 2007) (citation omitted). Thus, the Third Circuit Court of Appeals has found that such claims are appropriately considered in tandem. Pennsylvania Protection and Advocacy, Inc. v. Pennsylvania Dept. of Public Welfare, 402 F.3d 374, 379 n.3 (3d Cir. 2005). Accordingly, only the ADA claim will be addressed here, with the understanding that the same analysis holds true for the Rehab Act claim.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132; Iseley v. Beard, 200 Fed.Appx. 137, 142 (3d Cir. 2006). In order to establish a violation under Title II, plaintiff must demonstrate: (1) that he is a qualified individual; (2) with a disability; and (3) that he was denied the opportunity to participate in or benefit from the services, programs, or activities of a public entity, or was otherwise subject to discrimination by that entity; (4) by reason of his disability. Bowers v. National Collegiate Athletic Association, 475 F.3d 524, 553 n. 32 (3d Cir. 2007).

Here, Defendant has assumed, for purposes of its motion, that Plaintiff has met the first two prongs of his Title II claim; nonetheless, Defendant asserts that Plaintiff falls short of stating a claim under the ADA because he does not allege that the failure to accommodate his alleged disability precluded him from participating in a service, program, or activity. In particular, Plaintiff alleges that, due to the failure to accommodate his disabilities, he was denied the opportunity to take a shower for a period of three months. Defendant argues that such allegations have been found to be insufficient to state an ADA claim in this District and, thus, should be dismissed. The Court agrees. See Harris v. Giroux, 2017 WL 3075099 (W.D.Pa. July 19, 2017) (finding that showers, haircuts, shaves, and trips to the yard are not programs or activities as contemplated by Title II of the ADA); Thomas v. Pennsylvania Dept. of Corrections, 615 F.Supp.2d 411, 427 (W.D.Pa. 2009), citing Bryant v. Madigan, 84 F.3d 246, 248 (7th Cir. 1996) ("using the toilet, sink and shower facilities or being able to dress oneself, are not programs or activities as contemplated by Title II of the ADA any more than sleeping is"); Evans v. Rozum, 2008 WL 5068963 (W.D.Pa. Nov. 24, 2008) (denying ADA claim by paraplegic who was denied access to a handicap shower).[3] Defendant's motion to dismiss will be granted, accordingly.

An appropriate Order will follow.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 6, 2018

---

[3] Plaintiff attempts to counter the foregoing authority by citing a number of cases that are either non-binding or inapposite. Specifically, Plaintiff cites the Supreme Court case of United States v. Georgia, 546 U.S. 151, 157 (2006), wherein Justice Scalia wrote that a refusal to accommodate an inmate's disability-related needs in "such fundamentals as … hygiene" may constitute "exclu[sion] from participation in or … deni[al of] the benefits of" the prison's "services, programs, or activities;" however, Plaintiff acknowledges that this statement was merely dictum. Plaintiff also cite this District's opinion in White v. Jefferson, 2010 WL 5294079, at *12 (W.D.Pa. Dec. 17, 2010), where the Court opined "**for purposes of this opinion only**," that "basic needs such as a shower and toilet access are covered by the [ADA]," before proceeding to find that the plaintiff had failed to satisfy the third element of his ADA claim. The other cases cited by Plaintiff fail to directly address whether showering constitutes a service, program or activity under the ADA.